## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FIVE STAR SUPPLIES CORP. | : |
| | : |
| *Plaintiff,* | : |
| | : |
| v. | : Court No. 25-00008 |
| | : |
| UNITED STATES OF AMERICA; | : |
| OFFICE OF THE UNITED STATES TRADE | : |
| REPRESENTATIVE; KATHERINE TAI, | : |
| U.S. TRADE REPRESENTATIVE; | : |
| U.S. CUSTOMS & BORDER PROTECTION; | : |
| PETE R. FLORES, SENIOR OFFICIAL | : |
| PERFORMING DUTIES OF COMMISSIONER, | : |
| U.S. CUSTOMS & BORDER PROTECTION | : |
| | : |
| *Defendants.* | : |
| | : |

## <u>COMPLAINT</u>

Plaintiff FIVE STAR SUPPLIES CORP. by and through its attorneys allege and state as follows:

1.      This action contests the authority purportedly afforded Defendants under the Trade Act of 1974 ("the Trade Act") to conduct and expand an ongoing trade war as a result of the Peoples' Republic of China allegedly unfair intellectual property policies and practices and subsequent retaliatory tariffs imposed by China.

1

2.      Section 301 of the Trade Act (19 U.S.C. § 2411) the statute under which the United States Trade Representative ("USTR") investigated the Chinese policies and practices and Section 304 of the Trade Act (19 U.S.C. § 2414) contain specific time limits within which the USTR must determine to act after initiation of a Section 301 investigation.

3.      The USTR failed to issue lists of affected products subject to United States-imposed Section 301 duties on the lists commonly known as "List 3" and "List 4A" within the statutory time constraints and to impose the Section 301 duties on items of Chinese origin on those lists in a timely manner.

4.       In implementing the United States-imposed Section 301 duties on List 3 and List 4A, Defendants violated the Administrative Procedures Act ("the APA") (5 U.S.C. § 551 et seq.).

5.      Defendants violated the APA:

      a.      In their failure to provide sufficient opportunity to comment;

      b.      In their failure to consider relevant factors in making its decision; and

      c.      In their failure to identify record facts to the decisions made.

6.      Accordingly, Plaintiff requests that Defendants' actions in assessing and collecting Section 301 duties on List 3 and List 4A items be voided and any all such duties be refunded to Plaintiff plus statutory interest as provided by law.

2

## **JURISDICTION**

7.      This court has jurisdiction of this action pursuant to 28 U.S.C. § 1581(i)(1),

(2) and (4) because this civil action is commenced to contest the collection of

retaliatory duties by the United States at the direction of and pursuant to decisions

by the United States Trade Representative (USTR) under Section 301 of the Trade

Act of 1974, as amended (19 U.S.C. § 2111-2462).

8.      As stated in 28 U.S.C. § 1581(i):

> **(i)**      In addition to the jurisdiction conferred upon the Court
> of International Trade by subsections (a)–(h) of this section and
> subject to the exception set forth in subsection (j) of this section, the
> Court of International Trade shall have exclusive jurisdiction of any
> civil action commenced against the United States, its agencies, or its
> officers, that arises out of any law of the United States providing
> for—
>
> **(1)  revenue from imports or tonnage;**
> **(2)  tariffs, duties, fees, or other taxes on the importation of**
> **merchandise for reasons other than the raising of revenue;**
> (3)  embargoes or other quantitative restrictions on the importation of
> merchandise for reasons other than the protection of the public health
> or safety; or
> **(4)  administration and enforcement with respect to the matters**
> **referred to in paragraphs (1)–(3) of this subsection and**
> **subsections (a)–(h) of this section.** (Emphasis added).

## **PARTIES**

9.      Plaintiff, a private corporation located at 1301 West Elizabeth Ave., Linden,

NJ 07038, has standing to pursue this action as an importer of record of the

merchandise upon which the retaliatory duties that are the subject of this action

3

were assessed and paid under List 3 and/or List 4. Plaintiff imported goods subject List 3 and/or List 4A or exclusions therefrom under HTSUS 3923.20.0010, 3926.90.9910 and/or other HTS number(s).

10.     This case is brought to compel the Defendant United States to refund monies originally collected beginning on September 24, 2018 for goods appearing on List 3 and September 1, 2019 for goods appearing on List 4A purportedly pursuant to the authority of 19 U.S.C. § 2411.

11.     Defendant United States of America received the disputed tariffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

12.     The Office of the USTR is an executive agency of the United States charged with investigating a foreign country's trade practices under Section 301 of the Trade Act and implementing "appropriate" responses, subject to the direction of the President.

13.     USTR conducted the Section 301 investigation at issue and made numerous decisions regarding List 3 and List 4A.

14.     Ambassador Robert Lighthizer held the position of USTR when the duties in question were implemented and Katherine Tai currently holds the position of USTR and serves as the director of the Office of the USTR. In these capacities, USTR made numerous decisions regarding List 3 and List 4A.

15.    Defendant U.S. Customs & Border Protection ("CBP") is the agency that collects duties on imports. CBP collected payments made by Plaintiff to account for the tariffs imposed by USTR under List 3 and List 4A.

16.    Defendant Pete R. Flores is the Senior Official Performing the Duties of the Commissioner of CBP and Mark A. Morgan was the Acting Commissioner of CBP at the time the Section 301 retaliatory duties were implemented. In this capacity, they have overseen CBP's collection of duties paid by Plaintiff under List 3 and List 4A.

## STATEMENT OF CLAIMS

## COUNT ONE

## (DECLARATORY JUDGMENT—VIOLATION OF THE TRADE ACT OF 1974)

17.    Paragraphs 1 through 16 are incorporated by reference.

18.    The Declaratory Judgment Act authorizes any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

19.    The Trade Act of 1974 does not authorize the actions taken by Defendants that resulted in the List 3 and 4A tariffs.

20.     Pursuant to Section 301 of the Trade Act, USTR may impose tariffs when it determines that "an act, policy, or practice of a foreign country is unreasonable or discriminatory and burdens or restricts United States commerce, and action by the United States is appropriate." 19 U.S.C. § 2411(b). USTR failed to predicate its action giving rise to List 3 and List 4A on any such determination.

21.     If USTR concludes upon investigation that a foreign country maintains an unfair trade practice, Section 304 of the Trade Act requires USTR to "determine what action, if any," to take within "12 months after the date on which the investigation is initiated." 19 U.S.C. § 2414(a)(1)(B), (2)(B). USTR's actions giving rise to List 3 occurred in September 2018, and to List 4A in September 2019, BOTH over a year after USTR initiated the underlying Section 301 investigation on August 18, 2017.

22.     Section 307 of the Trade Act authorizes USTR to "modify or terminate" an action taken pursuant to Section 301(b) of the Trade Act when the burden imposed on U.S. commerce from the foreign country's investigated unfair acts, policies, or practices increases or decreases. 19 U.S.C. § 2417(a)(1)(B). Section 307 of the Trade Act, however, does not permit Defendants to increase tariffs for reasons unrelated to the acts, policies, or practices that USTR investigated pursuant to Section 301 of the Trade Act. The USTR is not authorized by Congress

or otherwise to expand its actions beyond the focus of its investigatory findings.

23.    Section 307 of the Trade Act also authorizes USTR to "modify or terminate" an action taken pursuant to Section 301(b) of the Trade Act if the initial action taken by USTR "is no longer appropriate." 19 U.S.C. § 2417(a)(1)(C). Section 307 of the Trade Act does not authorize Defendants to *increase* tariff actions that are no longer "appropriate," but rather only to delay, taper, or terminate such actions.

24.    Plaintiff is therefore entitled to a declaratory judgment that Defendants' actions giving rise to List 3 and List 4A are *ultra vires* and contrary to law.

## COUNT TWO

## (VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT)

25.    Paragraphs 1 through 16 are incorporated by reference.

26.    The APA authorizes the Court to hold unlawful and set aside agency action that is: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial evidence." 5 U.S.C. § 706(2).

27.    Defendants exceeded their authority under the Trade Act in promulgating

List 3 and 4A and therefore acted "not in accordance with the law" and "in excess of statutory authority" for the  reasons set forth in Count One.

28.    Defendants failed to offer any evidence for any asserted "increased burden" from  China's intellectual property policies and practices that were the subject of USTR's Section 301  investigation.

29.     Defendants also promulgated List 3 and List 4A in an arbitrary and capricious manner because  they did not provide a sufficient opportunity for comment, failed to meaningfully consider relevant  factors when making their decisions, and failed to adequately explain their rationale.  Defendants' preordained decision-making resulted in the unlawful imposition of tariffs on imports covered by  List 3 and List 4A.


## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court

(1)    declare that Defendants' actions resulting in tariffs on products covered by List 3 and 4A are unauthorized by, and contrary to, the Trade Act;

(2)    declare that Defendants arbitrarily and unlawfully promulgated List 3 and 4A in violation  of the APA;

(3)    vacate the List 3 and List 4A rulemakings;

(4)    order Defendants to refund, with interest, any duties paid by

Plaintiff pursuant to  List 3 and List 4A;

(5)    permanently enjoin Defendants from  applying  List  3 and List 4A

against  Plaintiff  and  collecting any duties from Plaintiff pursuant

to List 3 and List 4A;

(6)    award Plaintiff its costs and reasonable attorney fees; and

(7)    grant such other and further relief as may be just and proper.

Respectfully submitted,

SIMON GLUCK & KANE LLP

By:    /s/Christopher M. Kane
        Christopher M. Kane
        Daniel J. Gluck
        Mariana del Rio Kostenwein
        535 Fifth Avenue, Fourth Floor
        New York, New York 10017
        Tel: (212) 775-0055
        ckane@customs-law.com

        *Counsel for Plaintiff*

Dated: January 9, 2025

9